UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                          Case No. 8:11-cr-592-T-24 TBM

ANTHONY CALDERON,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Anthony Calderon's Amended Motion to Sever Offenses. (Doc. 80). The Government opposes the motion. (Doc. 83).

## I. Background

Defendant Anthony Calderon is named in ten counts of an eleven count indictment. (Doc. 69). Specifically, he is charged in Count One with conspiracy to commit robbery with Abelardo Coimbre from on or about January 28, 2011 through February 25, 2011, in violation of 18 U.S.C. § 1951. (Doc. 69, pp. 1-5).

In Count Two, Anthony Calderon and Abelardo Coimbre are charged with aiding and abetting each other in the robbery of Inverness Liquor on or about January 28, 2011, in violation of 18 U.S.C. §§ 1951 and 2. (Doc. 69, pp. 5-6). In Count Three, Anthony Calderon and Abelardo Coimbre are charged with aiding and abetting each other in possessing and brandishing one or more firearms during the robbery on January 28, 2011, in violation of 18 U.S.C. §§ 924(c) and 2. (Doc. 69, p.6).

In Count Four, Anthony Calderon and Abelardo Coimbre are charged with aiding and abetting each other in the robbery of Bob's Liquor on or about February 16, 2011, in violation of 18 U.S.C. §§ 1951 and 2. (Doc. 69, pp. 6-7). In Count Five, Anthony Calderon and Abelardo Coimbre are charged with aiding and abetting each other in possessing and brandishing one or

more firearms during the robbery on February 16, 2011, in violation of 18 U.S.C. §§ 924(c) and 2. (Doc. 69, p. 7).

In Count Six, Anthony Calderon and Abelardo Coimbre are charged with aiding and abetting each other in the robbery of the Express Lane Food Store on or about February 23, 2011, in violation of 18 U.S.C. §§ 924(c) and 2. (Doc. 69, p.8). In Count Seven Anthony Calderon and Abelardo Coimbre are charged with aiding and abetting each other in possessing and brandishing one or more firearms during the robbery on February 23, 2011, in violation of 18 U.S.C. §§ 924(c) and 2. (Doc. 69, pp. 8-9).

In Count Eight, Anthony Calderon and Abelardo Coimbre are charged with aiding and abetting each other in the robbery of Brad's Food and Gas on or about February 25, 2011, in violation of 18 U.S.C. §§ 1951 and 2. (Doc. 69, pp. 9-10). In Count Nine, Anthony Calderon and Abelardo Coimbre are charged with aiding and abetting each other in possessing and brandishing one or more firearms during the robbery on February 25, 2011, in violation of 18 U.S.C. §§ 924(c) and 2. (Doc. 69, p.10).

In Count Ten, Anthony Calderon is charged with Possession of Ammunition on February 25, 2011, after having been convicted of crimes punishable by more than one year imprisonment, specifically Criminal Possession of Stolen Property and Robbery, in violation of 18 U.S.C. § 922(g)(1) and 2. (Doc. 69, pp. 10-11).

In Count Eleven, Abelardo Coimbre is charged with Possession of a Firearm and Ammunition, after having been convicted of crimes punishable by more than one year imprisonment, specifically two counts of Attempted Criminal Sale of a Controlled Substance, in violation of 18 U.S.C. § 922(g)(1) and 2. (Doc. 69, pp. 11-12).

Abelardo Coimbre and Anthony Calderon are charged jointly in a forfeiture provision, seeking forfeiture of two firearms and ammunition. (Doc. 69, pp. 12-13). Each of the four separately charged robberies are included as overt acts of the conspiracy count. (Doc. 69, pp. 4-5).

**II. Severing Defendants**

Defendant Anthony Calderon requests that the Court "sever the offenses joined in the above-styled Second Superseding Indictment, pursuant to Federal Rule of Criminal Procedure 14." (Doc. 80, p.1). Defendant Calderon argues that "presentation of evidence on all Counts in one trial would unfairly prejudice the Defendant in the jury's determination as to his guilt or innocence with respect to each Count in the Indictment." (Doc. 80, p.2).

Federal Rule of Criminal Procedure 8(b) permits the joinder of Defendants in the same indictment if they are alleged to have participated in the same act or transaction. See United States v. Chavez, 584 F.3d 1354, 1359-60 (11th Cir. 2009) (internal quotation marks omitted). The "general rule is that Defendants indicted together should be tried together, especially in conspiracy cases." Id. At 1360. This avoids multiple litigation and conserves judicial resources. See United States v. Diaz, 248 F.3d 1065, 1100 (11th Cir. 2001). There is a preference for joint trials of co-conspirators, and a desire for judicial efficiency. See U.S. v. Pedrick, 181 F.3d 1264, 1272 (11th Cir. 1999).

Federal Rule of Criminal Procedure 14 provides that, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. See Fed. R. Crim. P. 14.

Defendant Calderon argues in a conclusory fashion that the offenses should be severed from each other.[1] (Doc. 80). It is well established, however, that "substantive offenses arising out of a conspiracy may be joined" even when all defendants are not charged with every substantive charge of the conspiracy. See United States v. Hammond, 781 F.2d 1536, 1539 (11th Cir. 1986). "The fact that substantive offenses emanate from a single, central conspiracy is a sufficient indication that substantial identity of facts or participants exists among the offenses."

---

[1] Defendant Calderon does not appear to argue that his trial should be severed from the trial of his co-defendant.

Id. To warrant severance under Fed. R. Crim. P. 14, a defendant must show compelling prejudice from inclusion of the count or counts which the trial court cannot alleviate and which leads to an unfair trial. See Hammond, 781 F.2d at1539. This is a "heavy burden" which "mere conclusory allegations cannot carry." See United States v. Hogan, 986 F.2d 1364, 1375 (11th Cir. 1993).

In this case, both defendants are charged with every substantive charge of the conspiracy. The substantive offenses emanate from a single central conspiracy with a common *modus operandi* for each of the substantive offenses. Given that the conspiracy charge includes the four robberies as overt acts of the conspiracy, evidence as to all four robberies is relevant to the conspiracy count.

There is no reason to believe that presentation of this evidence will confuse the jury. The jury will be instructed to consider evidence of each count and against each defendant separately. See United States v. Lopez, 649 F.3d 1222, 1239-1240 (11th Cir. 2011) (emphasizing consideration of jury instructions to evaluate evidence independently with respect to each charge against each defendant in gauging any prejudicial effect in a joint trial).

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Anthony Calderon's Motion to Sever Offenses (Doc. No. 80) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of July, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record